**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION**

| | |
|---|---|
| **In re:**<br><br>**James W Buggy, Jr.,**<br>    **Debtor,**<br><br><br>**VAK CAPITAL TRUST I,**<br><br><br>    **Movant,**<br><br>        **v.**<br><br>**James W Buggy, Jr.,**<br>    **Debtor/Respondent,**<br><br>**Michele C. Buggy,**<br>    **Co-Debtor/Respondent,**<br><br>**Scott F. Waterman,**<br>    **Trustee/Additional Respondent.** | **Bankruptcy No. 26-11075-amc**<br><br>**Chapter 13**<br><br>**Hearing Date: August 19, 2026**<br>**Hearing Time: 11:00 A.M.**<br>**Hearing Location:900 Market Street, Suite 204 Philadelphia, PA 19107**<br>**Courtroom Number #4** |

**MOTION OF FOR RELIEF FROM THE AUTOMATIC STAY
AND CO-DEBTOR STAY OF VAK CAPITAL TRUST I TO PERMIT FORECLOSURE
OF 65 GLENN ROAD, TOWNSHIP OF ASTON, PENNSYLVANIA 19014**

VAK CAPITAL TRUST I ("Movant" or "Secured Creditor"), by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 1301 of the United States Bankruptcy Code ("Code") for a modification of the automatic stay provisions of the Code for cause, and, in support thereof, states the following:

1. James W Buggy, Jr. ("Debtor"), filed a Voluntary Petition pursuant to Chapter 13 of the United States Bankruptcy Code ("Code") on March 17, 2026.

2. Jurisdiction of this cause is granted to the United States Bankruptcy Court ("Court") pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other

26-11075-amc<br>25-298095<br>MFR

applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On November 15, 2005, James W. Buggy and Michele C. Buggy executed and delivered a Promissory Note ("Note") and Mortgage ("Mortgage") securing payment of the Note in the amount of $50,000.00 in favor of Weichert Financial Services. A true and correct copy of the Note is attached hereto as Exhibit "A".

4. The Mortgage was recorded January 13, 2006 in Instrument number 2006005222 of the Public Records of Delaware County, Pennsylvania. A true and correct copy of the Mortgage is attached hereto as Exhibit "B".

5. The Mortgage was secured as a lien against the real property located at 65 Glenn Road, Township Of Aston, Pennsylvania 19014 (the "Property").

6. The parties entered into a Loan Modification ("Agreement") on May 30, 2017, creating a new principal balance of $58,357.67. A true and correct copy of the Agreement is attached hereto as Exhibit "C".

7. The loan was last assigned to VAK CAPITAL TRUST I and same recorded with the Delaware County Recorder of Deeds on June 29, 2022, as Instrument Number 2022036351. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "D".

8. Secured Creditor is the holder of the note ("noteholder"), and is either the original mortgagee, beneficiary or assignee of the security instrument for the referenced loan. Noteholder directly or through an agent has possession of the promissory note and the promissory note is either made payable to noteholder or has been duly endorsed.

9. Based upon the Debtor(s)' Chapter 13 Plan (Docket No. 6), the Debtor intends to cure Secured Creditor's pre-petition arrearages within the Chapter 13 Plan and is responsible for

26-11075-amc
25-298095
MFR

maintaining post-petition payments directly to Secured Creditor.  A true and correct copy of the Debtor(s)' Chapter 13 Plan is attached hereto as Exhibit "E."

10. Michele C. Buggy ("Co-Debtor") is also liable on and/or has secured the aforementioned debt jointly with the Debtor(s).

11. Debtor failed to make monthly payments of principal, interest, and escrow in the amount of $313.28 from April 15, 2026, to June 15, 2026.   *See* Exhibit "F".

12. Thus, Debtor(s)' post-petition arrears total $939.84 through June 30, 2026.  By the time of hearing on this motion, Debtor will also be obligated to make additional monthly payments that become due beyond the period alleged above.

13. As of June 30, 2026, the unpaid principal balance due under the loan documents is $56,514.08.   Movant's total claim amount, itemized below, is $79,364.77. *See* Exhibit "F".

| Principal Balance | $56,514.08 |
| Interest | $19,896.44 |
| Total Fees | $84.25 |
| ACCUM Late Charges | $1,360.00 |
| Recoverable Balance | $1,510.00 |
| Total Payoff | $79,364.77 |

14. Debtor(s)' docketed schedules list the value of the Property as $372,800.00.  A true and accurate copy of Debtor(s) Schedule A/B is attached hereto as Exhibit "G". The subject Property is also encumbered by an additional lien in the amount of $301,154.00.

15. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay and Co-Debtor stay for "cause", which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from the automatic stay under Section 362(d)(1) and Co-Debtor stay pursuant to 11 U.S.C. § 1301 is established where a debtor failed to

make installment payments or payments due under a court-approved plan on a secured debt or where Debtor(s) have no assets or equity in the mortgaged property.

16. As set forth herein, Debtor defaulted on the instant secured obligation by failing to tender monthly post-petition installment payments when they became due.

17. Secured Creditor further provides that its acceptance of partial payments in the instant matter shall not constitute waiver of Secured Creditor's rights to pursue any present or future default in the event the partial payments are not enough to cure the entire default.

18. As a result, cause exists pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 1301 of the Code for this Honorable Court to grant relief from the automatic stay to allow Movant, its successors and/or assigns to pursue its state court remedies, including the filing of an action in Mortgage Foreclosure, or if foreclosure is completed, immediately scheduling the Property for Sheriff Sale.

19. Further, once the automatic stay is terminated, Debtor(s) will have minimal motivation to insure, preserve, or protect the collateral Property; therefore, Movant requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(4).

**WHEREFORE**, Movant prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) and 11 U.S.C. § 1301 to permit VAK CAPITAL TRUST I to take any and all steps necessary to exercise any and all rights it may have in the collateral property described herein, gain possession of said collateral property, seek recovery of reasonable attorney fees and costs incurred in this proceeding, waive the 14-day stay imposed under Fed.R.Bankr.P. 4001(a)(4), and for any such further relief as this Honorable Court deems just and appropriate.

Date: July 20, 2026

**Robertson, Anschutz, Schneid, Crane
& Partners, PLLC**
Attorneys for Movant
13010 Morris Rd., Suite 450
Alpharetta, GA 30004
Telephone: 470-321-7112
By: /s/ Jordan Katz
Jordan Katz, Esquire
PA Bar Number 334053
Email: jkatz@raslg.com

26-11075-amc
25-298095
MFR

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## PHILADELPHIA DIVISION

In re:
James W Buggy, Jr.

CHAPTER:   13

Debtor(s)

CASE NO.      26-11075-amc

## DECLARATION OF INDEBTEDNESS

Property Address:
65 Glenn Road, Township of Aston, Pennsylvania 19014

Mortgage Servicer:
SELENE FINANCE LP

Post-petition mailing address for Debtor(s) to send payment:
Selene Finance LP, Attn: Bk Dept., 3501 Olympus Boulevard, Suite 500, Dallas, Texas 75019

Mortgagor(s)/Debtor(s):
James W. Buggy and Michele C. Buggy

Payments are contractually due:

☒ Monthly ☐ Semi-monthly   ☐ Bi-weekly   ☐ Other _____

Each Monthly Payment is comprised of:
| | | |
|---|---|---|
| Principal and Interest..... | $313.28 | |
| R.E. Taxes...................... | $0.00 | |
| Insurance....................... | $0.00 | |
| Late Charge................... | $0.00 | |
| Other............................. | $0.00 | (Specify: N/A) |
| **TOTAL**....................... | $313.28 | |

**POST-PETITION PAYMENTS** (Petition was filed on March _____ 17, _____ 2026)

| Arrears Due | Amount Received | Payment Amount Due | Payment Date Applied to | Amount to/from Suspense | Check Number |
|---|---|---|---|---|---|
| N/A | $0.00 | $313.28 | April 15, 2026 | $0.00 | N/A |
| N/A | $0.00 | $313.28 | May 15, 2026 | $0.00 | N/A |
| N/A | $0.00 | $313.28 | June 15, 2026 | $0.00 | N/A |
| TOTAL | $0.00 | $939.84 | N/A | $0.00 | N/A |

[Continue on attached sheets if necessary]

TOTAL NUMBER OF POST-PETITION PAYMENTS PAST DUE: 3 as of June 30, 2026.
TOTAL AMOUNT OF POST-PETITION ARREARS: total $939.84 as of June 30, 2026.

I hereby certify, pursuant to 28 U.S.C. § 1746, and under penalty of perjury, that I have examined the information in the foregoing, and have a reasonable belief that the information contained herein is true and correct.

Dated:   JUL 16 2026

Selene Finance LP
_____
Mortgage Company

Christine Le       Bankruptcy Specialist
_____
(Print Name and Title)

Jacksonville       FL
_____
Location                 Signature

26-11075-amc
25-298095
MFR